IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTIONA LEE PHILLIPS                                                                                           PLAINTIFF
ADC #162493

v.                                             4:22-cv-00792-KGB-JJV

DOES                                                                                                           DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Antonia Lee Phillips ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction. He has filed a one-page document with three attached grievance forms that, together, have been docketed as a Complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff says from June to August 2022, the air conditioning was not working properly in his cell and that he has a seizure disorder that could have been triggered by excessive temperatures. (*Id.*)

On December 15, 2022, I entered an Order explaining to Plaintiff his Complaint could be stricken from the record because he did not sign it as required by Fed. R. Civ. P. 11(a). (Doc. 9.) I also brought several other pleading deficiencies to his attention, gave him thirty days to file a

1

signed Amended Complaint curing them, and cautioned him I would recommend dismissal if he did not do so. (*Id.*) Plaintiff has not filed an Amended Complaint or signed his original Complaint, and the time to do so has expired.

Plaintiff's failure to sign his Complaint is sufficient reason, standing alone, to dismiss this action. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented" and the "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention") (emphasis added). Additionally, I conclude the Complaint does not contain a plausible claim for relief for the following reasons.[1]

First, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has not named any Defendants. Instead, the Clerk listed "Does" on the docket sheet because Plaintiff's one-page document did not name any Defendants. To properly plead a claim, a plaintiff must name Defendants, even if he refers to them as John Doe 1, 2, etc., and explain how each of them personally participated in the constitutional violation. He has not done so.

Second, because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a plausible Eighth Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, each of the defendants was deliberately indifferent to the risk of harm posed by the conditions. *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). Deliberate indifference is "a stringent standard of fault" that is much higher than negligence. *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010). It requires "proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

Prisoners are not constitutionally entitled to air conditioning. *See Cotton v. Hutto*, 540 F.2d 412, 414 (8th Cir. 1976). Plaintiff says he was particularly vulnerable to heat because he has a seizure disorder that can be triggered by high temperatures. But the grievance forms attached to the Complaint say maintenance personnel confirmed the air in Plaintiff's cell was working properly, the temperature in Plaintiff's assigned living areas was within guidelines, and Plaintiff did not have any medical restrictions regarding his housing assignment. (Doc. 1 at 2-5.) None of this provided information suggests prison administrators were subjectively aware of, but deliberately indifferent to, an objectively serious risk of harm to Plaintiff's health and safety. *See Washington v. Denney*, 900 F.3d 549, 560 (8th Cir. 2018) (no deliberate indifference when prison officials responded reasonably to known risks of harm).

Finally, the only relief Plaintiff seeks is an injunction requiring the ADC to move him to another cell block or facility. In § 1983 actions, a court may grant prospective injunctive relief to remedy "ongoing" constitutional violations. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *Bennie v. Munn,* 822 F.3d 392, 397 (8th Cir. 2016). It

cannot grant injunctive relief to correct "past" constitutional violations. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000). The allegations in the Complaint are based on what happened in the summer of 2022. As it currently stands, nothing in the Complaint suggests Plaintiff is currently facing an ongoing risk of substantial harm caused by excessive heat in his cell. Thus, he has not pled a plausible request for prospective injunctive relief.

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4